IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| KAMONTY LEDON ANDREWS, TDCJ No. 1323185,<br>    Plaintiff,<br><br>v.<br><br>BRIAN MOYNIHAN, *et al.*,<br>    Defendants. | Civil No. 7:12-CV-100-O-BL |

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the Montford Unit of the Texas Department of Criminal Justice in Lubbock, Texas. Defendants the Bank of America President and the CEO in Wichita Falls, Texas. *See* Complaint.

Plaintiff claims that, on or about November 5, 2005, with the help of Defendants, his Mother stole $10,000 from his Bank of America trust fund. *See* Complaint. He seeks monetary damages. *Id.*

Plaintiff cannot prevail on his claims against Defendants under the Civil Rights Act, 42 U.S.C. § 1983. Section 1983 affords redress only for conduct committed by persons acting under the color of state law and does not ordinarily involve conduct of private citizens or bank officers. *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984); *see* Douglas v. Doe, 2003 WL 21756614 *1 (5th Cir. 2003) (finding employees and officials of Bank of America are not state actors and can not be held liable under the Civil Rights Act). Andrews has failed to set forth a claim or present any facts which could show that Defendants acted under color of state law in helping his mother

misappropriate his trust fund. *See* Complaint; Plaintiff's Answers to the Court's Questions No. 3-5. Thus, the complaint fails to allege a basis for holding Defendants liable under § 1983.

To the extent that Plaintiff seeks redress against Defendants under state substantive law, the Court is without authority to entertain the claim. When a complaint presents no federal question, 28 U.S.C. § 1332 requires complete diversity of citizenship and $75,000 in controversy to invoke the jurisdiction of a federal court. From the face of Plaintiff's complaint, it is apparent that he and Defendants are citizens of Texas. Because there is no diversity of citizenship, Plaintiff's complaint, construed as a diversity action, should be dismissed for lack of jurisdiction.

For the foregoing reasons, it is RECOMMENDED that Plaintiff's claims under federal law be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

It is further RECOMMENDED that Plaintiff's complaint, construed as a diversity action raising substantive state law claims, be DISMISSED without prejudice pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 1st day of February, 2013.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE